Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| PATTY BULLOCK, <br>     Plaintiff, <br> vs. <br> EXPRESS RECOVERY <br> SERVICES, INC., and PRIMUS <br> LAW P.C. <br>     Defendants. | **COMPLAINT** <br><br> *Jury Trial Demanded* <br><br> Case Number: 2:26-cv-00477 |

JURISDICTION AND VENUE

1.      This action arises from Defendants' violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.,* and the Utah Consumer Sales Practices Act (UCSPA), Utah Code Ann. § 13-11-1, *et seq*.

2.      Jurisdiction in this case is founded upon 28 U.S.C. §§ 1331 and 1367 which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and transactions giving rise to Plaintiff's claims occurred within this federal judicial district and because the Defendants each conduct business and reside in the State of Utah within the meaning of 28 U.S.C. § 1391(b) and (c).

4.      This Court has personal jurisdiction over Defendants because Defendants reside in Utah, regularly conduct business in Utah, collect consumer debts in

Utah, enforce consumer transactions in Utah, communicate with Utah consumers, and avail themselves of the benefits of Utah's legal and judicial systems.

PARTIES

5.      The Plaintiff is a natural person who resides in Tooele County, Utah. She was directly harmed by Defendants' conduct.

6.      Defendant Express Recovery Services, Inc. (Express Recovery) is a Utah debt collection agency with its principal place of business at 2790 Decker Lake Drive, West Valley, Utah 84119. Express Recovery committed, participated in, directed, and financially benefitted from the conduct described herein.

7.      Defendant Primus Law P.C. (Primus Law) is a Utah debt collection law firm with its principal place of business at 2790 Decker Lake Drive, West Valley, Utah 84119. Primus committed, directed, participated in, and financially benefitted from the conduct described herein.

8.      Each Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because their principal business purpose is the collection of debts on behalf of others and because they each regularly collect and attempt to collect debts owed or due to others throughout the State of Utah through collection letters, civil lawsuits, and demands for payment.

9.      Each Defendant regularly collects thousands of consumer debts each year using instrumentalities of interstate commerce and the U.S. Mail.

10.     Each Defendant is a "supplier" as defined by Utah Code Ann. § 13-11-3(5) because each one regularly solicits, engages in, and enforces consumer transactions, whether directly or indirectly.

11.     Both Defendants regularly prosecute civil lawsuits to collect debts and enforce consumer transactions on behalf of others. Both Defendants share a principal office address and operate in concert.

FACTUAL ALLEGATIONS

12.     The alleged debts at issue arose from medical services billed by University of Utah Health and University of Utah Health Care and assigned to Express Recovery for collection after they were in default with the original creditor.

13.     Because the alleged debts were assigned to Defendants for collections after they were in default, each alleged debt constitutes a "debt" within the meaning of 15 U.S.C. § 1692a(5) and a "consumer transaction" within the meaning of Utah Code Ann. § 13-11-3(2).

14.     On February 21, 2025, Primus Law sent Plaintiff at least fourteen separate collection letters on the same day, each demanding payment of a separate alleged debt purportedly owed to University of Utah Health or University of Utah Health Care.

15.     One of those letters, bearing Reference No. PL-8287914 L5, demanded payment of $14,084.68 on the account that later became the subject of the First Cause of Action in the State Court Action.

16.     Plaintiff received, read, and reviewed the February 21, 2025 collection letters, including the letter bearing Reference No. PL-8287914 L5.

17.     On or about May 27, 2025, Primus Law commenced a debt collection lawsuit on behalf of Express Recovery against Plaintiff in the Third Judicial District Court, Tooele County, State of Utah, Case No. 250301294 (the "State Court Action").

COMPLAINT

18.    In the State Court Action, Primus Law and Express Recovery asserted three causes of action and sought to recover a total of $15,832.37, together with court costs and such other relief as requested in the complaint.

19.    In the First Cause of Action, Express Recovery alleged that Plaintiff owed $14,042.82 for medical services purportedly provided between April 14, 2022, and May 2, 2024 (alleged debt). Express Recovery further sought to recover $1,370.59 in alleged accrued interest, as well as attorney's fees and costs.

20.    The Complaint Defendants filed in the state case contained the following representation directed to the Plaintiff: "**IF YOU DO NOT RESPOND TO THIS DOCUMENT WITHIN THE APPLICABLE TIME LIMITS, JUDGMENT COULD BE ENTERED AGAINST YOU AS REQUESTED**."

21.    At the time Plaintiff received the complaint, the warning conveyed that she could have a judgment entered against her for the amounts sought in the State Court Action, including the amounts sought under the First Cause of Action, if she failed to respond.

22.    The medical services underlying the alleged debt were not rendered to Plaintiff. Plaintiff was not a party to any agreement governing the alleged debt, was not a guarantor thereof, and the agreement on which Defendants based the First Cause of Action was executed by another individual.

23.    After discovery closed in the state case, Plaintiff moved for partial summary judgment on the Defendants' First Cause of Action on March 10, 2026.

24.    Plaintiff received, read, and understood the complaint and other communications Defendants sent in connection with the alleged debts, including the warning that judgment could be entered against her if she failed to respond to the complaint.

25.     After Plaintiff disputed liability and moved for summary judgment based on the undisputed facts that she had not received the medical services and had not entered into any agreement governing the account, Express Recovery continued to prosecute the First Cause of Action and continued to represent throughout the litigation that Plaintiff was legally obligated to pay the debt alleged therein, including in its opposition to Plaintiff's motion for summary judgment.

26.     On May 22, 2026, the state court granted Plaintiff's motion for partial summary judgment on the First Cause of Action and entered judgment in Plaintiff's favor on that claim. The court found there were no genuine disputes of material fact and concluded Plaintiff was not liable on the First Cause of Action as a matter of law.

27.     At no time was Plaintiff legally obligated to pay the debt asserted in the First Cause of Action.

28.     In opposing Plaintiff's motion for partial summary judgment on the First Cause of Action, Defendants asserted for the first time that Plaintiff was liable under Utah Code Ann. § 81-6-104. Defendants had not pleaded that statute or any statutory theory of liability in their complaint. The state court rejected Defendants' attempt to assert a new statutory theory of liability for the first time in opposition to summary judgment.

29.     The account referenced in the February 21, 2025 letter was the same account that became the subject of the First Cause of Action and the summary judgment ruling.

30.     As a direct and proximate result of Defendants' conduct and representations, Plaintiff incurred attorneys' fees and litigation expenses exceeding $8,000.00 to defend against the First Cause of Action.

31.     Plaintiff also suffered needless harm to her professional reputation as a result of Defendants' conduct and representations.

32.     Plaintiff also experienced various physical symptoms, including, among other things, nausea, stomach cramps, headaches, fear, anxiety, severe sleep disruption, increased blood sugar levels, and other personal injuries and emotional distress as a result of Defendants' conduct and representations.

## COUNT I
### Fair Debt Collection Practices Act
*15 U.S.C. § 1692 et seq.*

33.     Plaintiff incorporates the allegations set forth in paragraphs 1 to 30.

34.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

35.     The alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

36.     Each Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

37.     Each collection letter and court filing referenced above is a "communication" as defined in 15 U.S.C. § 1692a(2).

38.     Defendants attempted to collect a consumer medical debt from Plaintiff that she did not owe because she was not the patient, was not a party to any agreement governing the account, and was not otherwise legally obligated to pay the alleged debt.

39.     Defendants further used deceptive means by sending collection letters to Plaintiff in the name of Primus Law and subsequently filing suit against her in the name of Express Recovery Services, Inc., creating confusion for a reasonable consumer as to the identity of the entity attempting to collect the alleged debt.

40.     The natural consequence of Defendants' conduct was to harass and oppress Plaintiff in connection with the collection of the alleged debt.

41.     Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debt, and attempted to collect amounts not legally owed by Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692e(14), 1692f, and 1692f(1) amongst others.

42.     Primus Law sent collection letters to Plaintiff demanding payment on debts that had been assigned to and were owned by Express Recovery, without disclosing that Express Recovery was the actual debt collector and holder of the assigned debts, in further violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692e(14).

43.     As a result of the Defendants' violations of the FDCPA as discussed herein, Plaintiff suffered concrete actual damages as described herein and is entitled to an award against each of the Defendants jointly and severally for causing those damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
### Utah Consumer Sales Practices Act
Utah Code Ann. § 13-11-1 *et seq*.

44.     Plaintiff incorporates the allegations set forth in paragraphs 1 to 39.

45.     Each alleged debt constitutes a "consumer transaction" as defined by Utah Code Ann. § 13-11-3(2).

46.     Each Defendant is a "supplier" as defined by Utah Code Ann. § 13-11-3(5).

47.     Defendants engaged in deceptive acts or practices in connection with consumer transactions in violation of Utah Code Ann. § 13-11-4, including by

— 7 —
COMPLAINT

sending Plaintiff a collection letter falsely representing she owed $14,084.68 on an account for which she was not legally obligated, filing a lawsuit seeking to collect that same debt, and by continuing to make similar representations in connection with the alleged debt.

48.     Defendants engaged in deceptive acts or practices in connection with consumer transactions in violation of Utah Code Ann. § 13-11-4, by sending collection letters to Plaintiff in the name of Primus Law and subsequently filing suit in the name of Express Recovery Services, Inc., which created confusion as to the identity of the true entity attempting to collect the alleged debt.

49.     Defendants engaged in unconscionable acts or practices in connection with consumer transactions in violation of Utah Code Ann. § 13-11-5, including by sending Plaintiff fourteen collection letters on a single day and by filing and prosecuting a lawsuit to collect a debt Plaintiff did not owe, while continuing to assert she was legally obligated to pay it throughout the litigation.

50.     Primus Law sent collection letters to Plaintiff demanding payment on debts that had been assigned to and were owned by Express Recovery, without disclosing that Express Recovery was the actual debt collector and holder of the assigned debts, in further violation of Utah Code Ann. §§ 13-11-4 and 13-11-5.

51.     The representations, implications, demands, threats, conduct, actions, and omissions by which Defendants collected and attempted to collect the alleged debt caused Plaintiff damages as described herein and were violations of numerous and multiple provisions of the UCSPA.

52.     Each violation of the FDCPA described above also constitutes a violation of the Utah Consumer Sales Practices Act.

53.     Defendants knowingly and maliciously engaged in the deceptive and unconscionable acts and practices described herein. Defendants knew or should have known that Plaintiff was not the patient, was not a party to any agreement governing the alleged debt, and was not legally obligated to pay it. Notwithstanding that knowledge, Defendants continued to demand payment, filed suit, and prosecuted the First Cause of Action through summary judgment in order to collect a debt they knew or should have known Plaintiff did not owe.

54.     As a result of Defendants' violations of the UCSPA, Plaintiff is entitled to an award against Defendants jointly and severally for actual damages and court costs pursuant to Utah Code Ann. § 13-11-19(2) and reasonable attorneys' fees pursuant to Utah Code Ann. § 13-11-19(5).

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests judgment against Defendants jointly and severally as follows:

1.     For an award of actual and statutory damages;

2.     For an award of punitive damages;

3.     For an award of Plaintiff's attorney's fees and costs;

4.     For pre-judgment and post judgment interest at the legal rates;

5.     For leave to amend this Complaint as the interests of justice allow; and

6.     For such other and further additional relief as may be determined to be appropriate and as the Court may find just, equitable, and proper.

JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED 5/25/2026                     Eric Stephenson
                                    _____
                                    *Attorney for the Plaintiff*

COMPLAINT